UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DALE W JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-260 |
| | § | |
| MIGUEL MARTINEZ, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Dominguez State Jail in San Antonio, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on May 8, 2014.[1] The underlying conviction which is the subject of the petition is a 2013 Nueces County conviction for possession with intent to deliver methamphetamine (repeat felony offender). Petitioner claims that his constitutional rights were violated during the trial. Respondent filed a motion for summary judgment on July 31, 2014 (D.E. 7) to which Petitioner responded on September 4, 2014.[2] For the reasons set forth below, it is recommended that

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on May 8, 2014 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

[2] Petitioner sent a letter addressed to the court but naming Gwendolyn Vindell, who represents Respondent, as the recipient (D.E. 8). The letter addresses the issues raised by Petitioner in his application for habeas relief and is construed as a response. The letter

Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be denied. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Petitioner was convicted in Nueces County, Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted in the 214th District Court of Nueces County, Texas on August 8, 2013 and reindicted on September 5, 2013 on one count of possession with intent to deliver four to two hundred grams of methamphetamine, enhanced by being a repeat felony offender. *Ex Parte Johnson*, WR-80,997-01 at 55-58 (D.E. 6-1 at 58-61). On October 7, 2013, pursuant to a plea bargain, Petitioner pleaded guilty to the charges and the court assessed a fifteen-year sentence. *Id.* at 88-91 (D.E. 6-1 at 91-94).

Petitioner did not file a direct appeal, but on January 16, 2014 filed an application for habeas corpus relief in state court. *Id.* at 2-19 (D.E. 6-1 at 2-22). The State filed an answer and the trial court entered findings of fact and conclusions of law on February 7, 2014, finding that Petitioner had received effective assistance of counsel and that his plea was entered knowingly and voluntarily. *Id.* at 53 (D.E. 6-1 at 56). On March 19, 2014

---

also raises an issue regarding the hiring of a private attorney to represent him which will be addressed below.

the Texas Court of Criminal Appeals denied Petitioner's application without written orders on the findings of the trial court. *Id.* at "Action Taken" page (D.E. 6-2 at 1).

Petitioner filed his federal petition on May 8, 2014, asserting that his attorney provided ineffective assistance of counsel because he did not file a motion to quash the indictment even though it was untimely. Petitioner also argued that his guilty plea was involuntary because his attorney advised him to plead guilty even though the indictment should have been dismissed. Respondent, in his motion to dismiss, argues that the indictment was timely filed and not subject to dismissal and that Petitioner voluntarily pleaded guilty to the charges. Respondent concedes that Petitioner's application is timely, not second or successive and not barred by failure to exhaust administrative remedies.

## APPLICABLE LAW

**A. Standard of Review**

Under the AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

8 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on

a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S.Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in

state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S.Ct. at 784.

## B.  Ineffective Assistance of Trial Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.

*Id.*, 466 U.S. at 687-88. Petitioner must show "significant prejudice" in a noncapital context. *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)). The right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.*, 466 U.S. at 690.

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S.Ct. 2052. . . . Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

*Harrington*, 131 S.Ct. at 788. In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under §

2254(d). "When § 2254 (d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

**(1) Voluntariness of Plea**

Because Petitioner pleaded guilty, he can only allege ineffective assistance of counsel as it relates to the voluntariness of his plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the courses of action open to the defendant. *Matthew v. Johnson*, 201 F.3d 353, 364 (2000). When a court assesses the validity of a guilty plea it looks to all of the relevant circumstances surrounding it. *Matthew*, 201 F.3d at 364-365.

A defendant pleading guilty must be competent and must have notice of the nature of the charges against him. The plea must be entered voluntarily and not be the product of actual or threatened physical harm or mental coercion overbearing the will of the defendant. Nor can the plea be the result of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.

*Matthew*, 201 F.3d at 365. In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Id.* at 365. Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made. *Id.* at 365.

Petitioner claims that his plea was not voluntary because his indictment was subject to dismissal because it was filed late. He argues that if his attorney had moved to quash the indictment, his case would have been dismissed.

### (2) Timing of Indictment

Texas Code of Criminal Procedure Art. 32.01 provides the following:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

Petitioner argues that the statute mandates dismissal of pending charges for anyone detained in custody more than 180 days without being indicted. However, the statute provides that the prosecution must dismiss charges if the person is not indicted on or before the last day of the next term of court which is held after his commitment, *or* on or before the 180th day has elapsed, whichever is later.

Petitioner was arrested on January 25, 2013. *Ex Parte Johnson*, WR-80,997-01 at 61 (D.E. 6-1 at 64). Terms for the 214th District Court of Nueces County commence on the first Mondays in January and July of each year. Tex. Gov't Code § 24.012(a) and (b). The next term after Petitioner's arrest would have begun on July 7, 2013 and ended on

January 5, 2014. Petitioner was indicted on August 8, 2013. Thus, his indictment fell within the time frame allowed under Tex. Code Crim. Pro. Art. 32.01. Petitioner's attorney was not ineffective for failing to file a motion to quash the indictment because the motion would not have been granted.

The record indicates that Petitioner's plea was otherwise voluntary. Petitioner signed documents indicating that his plea was voluntary and that no one had forced or persuaded him to plead guilty. He also affirmed that he understood he had the right to a trial by jury or to the court and that the State would have to prove his guilt beyond a reasonable doubt. Petitioner further indicated that he had read and understood the court's admonishments and the explanation of his constitutional and statutory rights, and that he was satisfied with his lawyer's representation. Petitioner's attorney certified in writing that he read and explained Petitioner's rights to him and that Petitioner understood the nature of the rights he was waiving and the consequences of his plea. The court approved and accepted Petitioner's sworn statement and waiver of rights. *Ex Parte Johnson*, WR-80,997-01 at 39-52 (D.E. 6-1 at 42-55).

The representations of a defendant, his lawyer and the prosecutor at a plea hearing, as well as the findings made by the judge accepting the plea, constitute a formidable barrier in a subsequent collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 73-74, (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.*, 431 U.S. at 74. Petitioner has presented no evidence to support his allegation that his plea was involuntary.

In the letter which is construed as a response to the motion to dismiss, Petitioner claims that when he went to court following his arrest in January 2013, he had hired an attorney, Kirby Roberts, to represent him. He continues that despite hiring Roberts, the public defender's office appointed an attorney to represent him and that no other attorney ever appeared on his behalf (letter directed to Gwendolyn Vindell, D.E. 8).

The criminal docket sheet in Petitioner's case lists only Edward Garza as Petitioner's attorney. Petitioner was arraigned on August 23, 2013, rearraigned on September 20, 2013 and pleaded guilty on October 7, 2013 with Garza representing him. *Ex Parte Johnson*, WR-80,997-01 at 93 (D.E. 6-1 at 96). If Petitioner hired another attorney after his arrest or indictment, he had ample time and opportunity to communicate with the attorney. His complaint that his private attorney did not appear at the plea hearing does not lead to a conclusion that his plea was not voluntary or that he did not receive effective assistance during the plea proceedings.

Petitioner has not shown that the state court's determination of his ineffective assistance claim was contrary to Supreme Court precedent under the AEDPA standard. Accordingly, it is recommended that summary judgment be entered for Respondent and that Petitioner's habeas corpus relief be denied.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied on the merits. Reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 7) be granted and Petitioner's application for habeas corpus relief be denied. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 31st day of October, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).